**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2270
_____

UNITED STATES OF AMERICA

v.

JAMES BELL,
                    Appellant

_____

On Appeal from the United States District Court for the
Middle District of Pennsylvania
(D.C. No. 3-20-cr-00166-001)
District Judge:  Hon. Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on June 22, 2022

Before: McKEE, RESTREPO, and BIBAS, *Circuit Judges*

(Opinion filed:  August 3, 2022)

_____

OPINION[1]
_____

---

[1] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

Appellant James Bell appeals his conviction and sentence. Bell entered into a plea agreement with the government and was sentenced to 240 months in prison. Bell's appointed appellate counsel filed an *Anders*[2] brief and requested leave to withdraw. For the reasons that follow, we will grant counsel's motion to withdraw and affirm the district court's conviction and judgment of sentence.

## I.[3]

In April 2018, 23-year-old Jordan Scalia died after a drug overdose containing a deadly cocktail of heroin, fentanyl, acetyl fentanyl and 4-ANPP. Scalia's young life ended as a direct result of the drugs distributed by Appellant James Bell. Two years later, a federal grand jury indicted Bell on charges of conspiracy to distribute controlled substances resulting in death[4] and distribution of controlled substances resulting in death.[5]

Bell faced a mandatory minimum sentence of 20 years and a maximum sentence of life imprisonment due to a previous state drug conviction.[6] To avoid a potential life sentence, Bell entered into a plea agreement with the government. As a part of that agreement, he jointly recommended the mandatory minimum sentence of 240 months, or 20 years, imprisonment.

---

[2] *Anders v. California*, 386 U.S. 738 (1967).
[3] As we write for the benefit of the parties, who are familiar with the background of this case, we set out only the facts and procedural history necessary for the discussion that follows.
[4] 21 U.S.C. § 846.
[5] *Id.* § 841(a)(1).
[6] *See* 21 U.S.C. § 841(b)(1)(C).

Bell now appeals his sentence and underlying conviction. Appointed appellate counsel, Frederick W. Ulrich, has filed an *Anders* brief and a motion to withdraw as counsel, which the government supports. Bell filed a *pro se* informal brief in opposition arguing: (1) his plea was involuntary and (2) there was insufficient evidence to support a conviction for conspiracy.

## II.[7]

### A. Motion to Withdraw

Under *Anders*, appointed appellate counsel can request permission to withdraw as counsel if, following a "conscientious examination of [the record]," he or she determines that appellant's case is "wholly frivolous," and there is nothing "in the record that might arguably support the appeal." 386 U.S. at 744; *United States v. Youla*, 241 F.3d 296, 299 (3d Cir. 2001). We must determine whether counsel "thoroughly examined the record in search of appealable issues," *id.* at 300, and ensured that the record is free of anything that "might arguably support the appeal." *Anders*, 386 U.S. at 744.

When counsel submits an *Anders* brief, this Court must engage in a two-step analysis to determine "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *Youla*, 241 F.3d at 300; *see also McCoy v. Ct. of Appeals of Wis., Dist. 1*, 486 U.S. 429, 438 n.10 (1988) (stating that an issue is frivolous if it "lacks any basis in law or fact").

---

[7] The district court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review in determining whether there are any nonfrivolous issues for appeal. *Simon v. Gov't of V.I.*, 679 F.3d 109, 114 (3d Cir. 2012).

Third Circuit Local Appellate Rule ("LAR") 109.2 requires appellant's counsel to serve the brief to both the government and the appellant. The government must file a response brief, and the appellant may file a *pro se* response brief which can be informal. *Youla*, 241 F.3d at 300. If this Court reviews all briefs and "the [appellate] panel agrees that the appeal is without merit, it will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." LAR 109.2(a).

Here, a review of the record shows that appellate counsel has satisfied the requirements of both LAR 109.2 and *Anders*. Appellate counsel's review has not revealed any non-frivolous basis upon which Bell can appeal. We agree and will therefore grant counsel's motion to withdraw.

## B. Voluntariness of Bell's Guilty Plea

Bell entered a knowing and voluntary guilty plea. His plea is valid under the Constitution and Federal Rule of Criminal Procedure 11, and it met the standards for a knowing and voluntary plea established in *Boykin v. Alabama*, 395 U.S. 238 (1969). *See United States v. Schweitzer*, 454 F.3d 197, 202–03 (3d Cir. 2006).[8] The district court placed Bell under oath and questioned him to confirm he was satisfied with

---

[8] Our Court in *Schweitzer* clearly explained the requirements of a guilty plea associated with Federal Rule of Criminal Procedure 11(b). The district court must provide certain admonitions and warnings: the waiver of certain constitutional rights by virtue of a guilty plea; the "maximum possible penalty" to which the defendant is exposed; the court's obligation to apply the Sentencing Guidelines and the discretion to depart from said Guidelines; and "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." The court must ensure that the defendant understands these provisions and still wishes to enter a guilty plea on his or her own volition. 454 F.3d at 202–03 (quoting Fed. R. Crim. P. 11(b)).

counsel. The court also confirmed Bell's competence, ensured that he understood the charges against him, and reviewed his constitutional rights. The district court found there was a factual basis for Bell's guilty plea and thoroughly addressed the maximum penalties, statutory mandatory minimum, and the applicable Sentencing Guidelines. Because Bell made a knowingly and voluntarily guilty plea, with an understanding of his rights and the consequences of his plea, there is no issue of arguable merit concerning the plea's validity or voluntariness.

## C. Bell's Challenge to the Conspiracy

Despite his knowing and voluntary plea, Bell challenges the underlying conviction. In his *pro se* informal brief, Bell argues "there is insufficient evidence supporting the conspiracy." Appellant's *Pro Se* Br. at 4. While it is true that "[l]egal innocence alone can support withdrawal of a guilty plea," Bell made no attempts to withdrawal his guilty plea. *United States v. James*, 928 F.3d 247, 253 (3d Cir. 2019). As his counsel correctly points out, "if Mr. Bell wished to challenge the adequacy of the government's proof, he should have moved to withdraw his plea." *Anders* Br. at 18.

During the plea colloquy, Bell did question the facts supporting this plea with respect to the conspiracy. However, the district court gave Bell time to consult with counsel as well as the opportunity to ask questions of the Court. After the government proffered evidence in support of the conspiracy, the Court gave Bell another opportunity to accept or reject the facts in support of a conspiracy.

> THE COURT: Were you possessing to inten[d] to distribute and distributing controlled substances, in this case heroin [and] fentanyl to Ms. Herzig knowing that she was going to redistribute that in some way[?]
>
> THE DEFENDANT: Yes, Your Honor.

App. 50.  Bell proceeded to plead guilty to Count One of the Indictment, charging him with conspiracy to distribute controlled substances resulting in death.[9]  Given his knowing and voluntary plea, his challenge to the underlying conviction is meritless.

### D. Legality of Bell's Sentence

Bell argues that the district court erred in imposing the mandatory minimum 20-year sentence.  Under 18 U.S.C. § 3742(a), a defendant may seek appellate review of a final sentence if the court's sentence was "imposed in violation of [the] law."  The legality of a sentence also must be based on a set of reasonableness factors.  18 U.S.C. § 3553(a).  This Court reviews the substantive reasonableness of a sentence for abuse of discretion.  *See United States v. Woronowicz*, 744 F.3d 848, 851 (3d Cir. 2014).  A sentencing court abuses its discretion only if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the [sentencing] court provided."  *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).  "As long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the [18 U.S.C.] § 3553(a) factors, we must affirm."  *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008).  Sentences that fall within the applicable Guidelines range are entitled to a presumption of reasonableness.

---

[9] 21 U.S.C. § 846.

*United States v. Handerhan*, 739 F.3d 114, 119–20 (3d Cir. 2014). Where there are no objections to the procedural reasonableness of the sentence during the sentencing proceedings, our review is limited to plain error. *See United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (holding that "when a party wishes to take an appeal based on a procedural error at sentencing . . . that party must object to the procedural error complained of after sentence is imposed in order to avoid plain error review on appeal").

At sentencing, Bell made no objections to the procedural reasonableness. With respect to the substantive reasonableness, the district court conducted a thorough § 3553(a) analysis. The district court addressed the nature and circumstances of the offense, as well as Bell's background and character, noting that his history and characteristics did not favor him at sentencing. Despite acknowledging that "the offense doesn't get much worse than this," the district court sentenced Bell to the mandatory minimum after properly weighing the relevant sentencing factors. App. 59.

Nothing in the record supports a challenge to Bell's sentence, and we therefore affirm the district court's reasonable 240-month sentence.

## III.

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm Bell's judgment of conviction and sentence.